IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE AMADOR, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-09-2475 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

The petitioner, Joe Amador, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging his 1999 aggravated sexual assault conviction in a Texas state court. Because Amador filed this suit too late, it is dismissed.

### I.   Background

Amador pleaded guilty to the felony offense of aggravated sexual assault in state court. (Cause Number 819628-A). On December 21, 1999, that court sentenced Amador to a forty-year term of imprisonment. Amador did not appeal his conviction. On March 11, 2008, Amador filed an application for state habeas corpus relief. On April 15, 2009, the Texas Court of Criminal Appeals denied relief on findings of the trial court, without a hearing. *See* Texas Judiciary Website, http://www.cca.courts.state.tx.us/ opinions.

On July 31, 2009, this court received Amador's federal petition. The petition was filed when Amador gave it to the prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998). This court presumes that Amador put his federal petition in the prison mail on the date he signed it, July 22, 2009. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998).

Amador contends that his conviction is void for the following reasons:

(1) he did not enter his guilty plea voluntarily;

(2) the trial judge intimidated him and denied his appeal; and

(3) counsel rendered ineffective assistance.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 7).

The threshold issue is whether the petition is time-barred.

## II. The Issue of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions filed after April 24, 1996. Because this petition was filed after April 24, 1996, the one-year limitations period applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998).

The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

>   made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Although the statute of limitations is an affirmative defense, a district court may raise the defense on its own and dismiss a petition before answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). In *Day v. McDonough,* 547 U.S. 198 (2006), the Supreme Court held that a district court could consider the timeliness of a state prisoner's habeas petition, after giving the parties fair notice and an opportunity to present their positions. In an order entered on September 25, 2009, this court ordered Amador to file a written statement by November 20, 2009, showing why this court should not dismiss his petition as time-barred under 28 U.S.C. § 2244(d).[1] (Docket Entry No. 9). On October 7, 2009, Amador filed a motion to withdraw his appeal and not be time-barred. (Docket Entry No. 10). Amador stated that he was confined at the Duncan Unit and had no access to state and federal materials. Amador stated that, at a later time, he would provide further support for his claim that counsel rendered ineffective assistance. He asked to withdraw his appeal and hoped that it would

---

[1] *See Day v. McDonough*, 547 U.S. 198 (2006).

3

not affect his appeal. Amador was apparently seeking to withdraw his federal petition and requesting permission to refile it after being transferred to a different unit. On December 28, 2009, Amador notified the court that he had been transferred from the Duncan Unit, in Diboll, Texas, to the Boyd Unit in Teague, Texas. (Docket Entry No. 12). Amador then filed the following: a motion for production of documents, (Docket Entry No. 13) on January 4, 2010; a "motion for ground of failed to present evidence," (Docket Entry No. 14) on January 4, 2010; and motion for reduction of sentence, (Docket Entry No. 15), on February 16, 2010. In these motions, Amador requested transcripts of his criminal proceedings and presented grounds for federal habeas relief. The court liberally construes these pleadings as his response to this court's order entered September 25, 2009.

The limitations period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Amador's conviction became final when the time expired for filing an appeal in the Texas Court of Appeals. *See* TEX. R. APP. P. 26.2 (formerly TEX. R. APP. P. 41(b)(1)).

The trial court convicted Amador on December 21, 1999. Amador's judgment became final when the time expired for filing an appeal in the Texas Court of Appeals, on January 20, 2000. The one-year limitations period ended on January 20, 2001.

Although a properly filed application for state habeas relief extends the federal limitations period, 28 U.S.C. § 2244(d)(2)(West 1997), the state habeas application did not toll the limitations period in this case because Amador filed it long after January 20, 2001, when that period ended. *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000).

Online research shows that Amador filed three prior petitions for a writ of mandamus:
(1)     the first was filed on September 12, 2008 and denied on October 8, 2008;

4

(2)   the second was filed on December 22, 2008 and denied on January 21, 2009; and

(3)   the third was filed on March 9, 2009 and denied on March 18, 2009.

In *Moore v. Cain*, 298 F.3d 361, 366 (5th Cir. 2002), the Fifth Circuit considered whether a mandamus application constitutes "other collateral relief" that will toll the federal limitations period. The Fifth Circuit determined that section 2244(d)(2) included "properly filed" state applications that seek "review" of the "pertinent judgment or claim," without regard to the name of the application or the nature of the petitioner's state confinement. The Fifth Circuit explained that the key inquiry is whether the prisoner's mandamus application sought "review" of the judgment under which he was incarcerated. In *Moore*, the Fifth Circuit found that the mandamus application sought an order directing the trial court to perform its duty and did not challenge the judgment of conviction. The Fifth Circuit concluded that the mandamus application did not toll the federal limitations period because it was not a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment."

In the case at bar, the court will presume that Amador's petitions for a writ of mandamus challenged the judgment under which Amador is incarcerated and are "properly filed application[s] for State post-conviction or other collateral review with respect to the pertinent judgment." These petitions for mandamus did not toll the limitations period in this case because Amador filed them long after January 20, 2001, when the one-year limitations period ended. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The limitations period ended on January 20, 2001, but Amador waited until July 31, 2009, before filing his federal petition. His claims are time-barred unless he can show that a statutory or equitable exception applies.

The AEDPA's one-year statute of limitations can be equitably tolled, but only in cases presenting "rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 810-11 (5th Cir. 1998); *see also Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part,* 223 F.3d 797 (5th Cir. 2000); *Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. denied,* 531 U.S. 1035 (2000); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied,* 531 U.S. 1164 (2001). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Patterson,* 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis,* 158 F.3d at 810). A habeas petitioner has the burden of proving that he is entitled to equitable tolling. *Phillips,* 216 F.3d at 511. "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)), *cert. denied,* 529 U.S. 1057 (2000); *see also Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir. 2001). Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.), *cert. denied,* 120 S. Ct. 504 (1999). "Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Fisher,* at 715 n.14.

Amador does not identify any grounds for equitable tolling and the record discloses none. *See, e.g., Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) (finding that confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling where the alleged impediments to filing a federal petition were removed six months before the end of the

limitations period), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.)(finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.) (finding that unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999).

Amador does not satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented Amador from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Amador's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Amador's claims relate to the guilty plea on December 21, 1999. Amador has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D).

Amador's federal petition is untimely.

### III.   Conclusion

Amador's challenges to his 1999 conviction are dismissed as time-barred. This case is dismissed. Amador's motion to withdraw his appeal and not be time-barred, (Docket Entry No. 10), is denied. Amador's motion for production of documents, (Docket Entry No. 13), "motion for ground of failed to present evidence," (Docket Entry No. 14), and motion for reduction of sentence, (Docket Entry No. 15), are DENIED as moot. Any remaining pending motions are denied as moot.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the

prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). Amador has not shown that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether this court was correct in its procedural ruling. This court will not issue a COA.

SIGNED on April __, 2010, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge